IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ANGELO McCLEARY, )
 )
      Petitioner, )
 )
v. ) Case No. CIV-08-625-M
 )
JESSE T. SUTTER, JR., )
 )
      Respondent. )

# REPORT AND RECOMMENDATION ON
# PRELIMINARY REVIEW OF THE HABEAS PETITION

Mr. Angelo McCleary is a prisoner who has filed three petitions on a form for actions involving 28 U.S.C. § 2254. The present action involves the third habeas petition, and the federal district court should summarily dismiss the entire action in light of the failure to exhaust state court remedies for at least one of the claims.

## Procedural Background

In the second and third habeas petitions,[1] Mr. McCleary has complained of a state court conviction, fabrication of a disciplinary charge, the alienation of his wife, excessive force, "endangerment" of his spouse's life, the loss of child custody, and imposition of a "no

---

[1] In the first habeas action, Mr. McCleary identified a single ground for relief as: "Ground one: Several grounds for several different cases explained at length in motions for each case & motions." Petition for a Writ of Habeas Corpus at p. 5, *McCleary v. Meyer*, Case No. CIV-08-42-M (W.D. Okla. Jan. 14, 2008). Judge Bana Roberts has construed this ground to encompass Mr. McCleary's convictions. Report and Recommendation at pp. 6, 9, *McCleary v. Sutter*, Case No. CIV-08-42-M (W.D. Okla. July 18, 2008).

contact" order in state court. After the Court summarily dismissed the second habeas petition,[2] Mr. McCleary initiated the present action.

## Necessity of Screening

Because Mr. McCleary filed the third petition on a form reserved for actions under 28 U.S.C. § 2254, the Court must screen the action to determine whether it is facially valid.[3]

## Availability of a Writ under 28 U.S.C. § 2254 for the Present Claims

As the Court explained in connection with Mr. McCleary's second habeas petition, a writ of habeas corpus under 28 U.S.C. § 2254 would be unavailable as a remedy on some of the claims.[4] For example, the challenge to the disciplinary convictions would implicate Section 2241, rather than Section 2254, of Title 28.[5] And the claims involving alienation and endangerment of a spouse, loss of child custody, and excessive force are not properly brought in any sort of habeas proceedings.[6]

---

[2]   Report and Recommendation at pp. 1, 4-8, *McCleary v. Sutter*, Case No. CIV-08-86-M (W.D. Okla. Feb. 29, 2008) (Argo, J.), *adopted* (W.D. Okla. Apr. 1, 2008) (Miles-LaGrange, J.).

[3]   *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

[4]   Report and Recommendation at pp. 4-5, *McCleary v. Sutter*, Case No. CIV-86-M (W.D. Okla. Feb. 29, 2008) (Argo, J.), *adopted* (W.D. Okla. Apr. 1, 2008) (Miles-LaGrange, J.).

[5]   *See* Report and Recommendation at pp. 6-7, *McCleary v. Sutter*, Case No. CIV-86-M (W.D. Okla. Feb. 29, 2008) (Argo, J.), *adopted* (W.D. Okla. Apr. 1, 2008) (Miles-LaGrange, J.); *see infra* p. 8.

[6]   *See* Report and Recommendation at pp. 2, 5, *McCleary v. Sutter*, Case No. CIV-86-M (W.D. Okla. Feb. 29, 2008) (Argo, J.), *adopted* (W.D. Okla. Apr. 1, 2008) (Miles-LaGrange, J.).

Nonexhaustion of the Habeas Claim for Malicious Prosecution

In part, Mr. McCleary alleges malicious prosecution. Addressing the second habeas petition, the Western District of Oklahoma dismissed a similar claim[7] because it had not been exhausted in state court.[8] Mr. McCleary then filed a post-conviction application in state court.[9] The state district court construed the application in part as an application for a direct appeal out of time and recommended disallowance of the appeal.[10]

---

[7]    In the second habeas action, Mr. McCleary identified his first ground for relief:

Ground One: Malicious Prosecutions for filing Civil and Criminal Suits and Motions for the Murder of my father Harry McCleary Jr. on 12/14/95 by O.C.P.C. Officers, D.A. Robert H. Macy, Judge Virgil Black et. Al. [sic]  Back in 1999 and 2000 and was held at gum [sic] point by O.C.P.D. Officers and told to leave the State of Oklahoma or they'd kill me like my dad.

Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at p. 6, *McCleary v. Sutter*, Case No. CIV-08-86-M (W.D. Okla. Feb. 12, 2008). In the present action, Mr. McCleary again identified the first habeas claim as "Malicious Prosecution." Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at p. 6, *McCleary v. Sutter*, Case No. CIV-08-625-M (W.D. Okla. June 17, 2008).

[8]    Report and Recommendation at pp. 2, 5-8, *McCleary v. Sutter*, Case No. CIV-86-M (W.D. Okla. Feb. 29, 2008) (Argo, J.), *adopted* (W.D. Okla. Apr. 1, 2008) (Miles-LaGrange, J.).

[9]    Mr. McCleary refers to the post-conviction application and the ruling, but has not submitted copies. In light of the Petitioner's reference to these documents, the Court can take judicial notice of them. *See St. Louis Baptist Temple, Inc. v. Federal Deposit Insurance Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979). Copies of the post-conviction application and the ruling are attached to the present report.

[10]   Order Denying Application for Post-Conviction Relief and Request for Recommendation for Appeal Out of Time, *McCleary v. State*, Case Nos. CF-2005-2434, CF-2005-4035, CF-2005-5489, CM-2005-1110, CM-2005-2507, CM-2005-2455, CM-2006-4176 (Okla. Co. Dist. Ct. Mar. 31, 2008).

Rather than pursue the post-conviction proceedings in the Oklahoma Court of Criminal Appeals, Mr. McCleary brought the present action. Without presentation of the claim in the state appeals court, however, the habeas claim for malicious prosecution would remain unexhausted.

Federal law generally requires exhaustion of state judicial remedies.[11] In this circuit, a petitioner may satisfy the exhaustion requirement by showing either that:

- "a state appellate court has had the opportunity to rule on the same claim presented in federal court," or

- "at the time he filed his federal petition, he had no available state avenue of redress."[12]

If a state judicial remedy is available, the petitioner must "properly present[] [his claims] to the highest state court . . . ."[13]

Mr. McCleary admittedly did not file a direct appeal and did not appeal the denial of post-conviction relief.[14] Thus, he has admittedly failed to present his current claim for

---

[11]  *See* 28 U.S.C. § 2254(b)(1).

[12]  *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992) (citations omitted).

[13]  *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) (citation omitted).

[14]  *See* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at pp. 3, 10-12, *McCleary v. Sutter*, Case No. CIV-08-625-M (W.D. Okla. June 17, 2008); *see also supra* p. 4.

malicious prosecution in a state appellate court.[15] The only issue is whether assertion of the claim in a state appeals court would be futile,[16] and the Court should answer in the negative.

Presentation of the claim to the state's appellate court can only be excused if Mr. McCleary demonstrates that this step "would be useless."[17] No such showing exists here.

As the Petitioner notes, his deadline for a direct appeal has expired.[18] But the Oklahoma Court of Criminal Appeals permits appeals out of time when the delay was not the petitioner's fault.[19]

As noted above, the state district court construed Mr. McCleary's post-conviction application to include a request for leave to file a direct appeal out of time.[20] Although the state district court recommended denial of this request,[21] the ultimate decision would have been left to the state appeals court if Mr. McCleary had proceeded further.[22]

---

[15] *See* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at pp. 6-7, *McCleary v. Sutter*, Case No. CIV-08-625-M (W.D. Okla. June 17, 2008); *see also supra* p. 4.

[16] *See Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (*per curiam*) ("An exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." (citations omitted)).

[17] *Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981) (*per curiam*) ("We will not excuse a failure to exhaust state remedies unless it is affirmatively shown that resort to them would be useless." (citation omitted)).

[18] *See* Rules 2.1(B), 3.1(B), Rules of the Oklahoma Court of Criminal Appeals.

[19] *See* Rule 2.1(E)(1), Rules of the Oklahoma Court of Criminal Appeals.

[20] *See supra* p. 3.

[21] *See supra* p. 3.

[22] *See* Rule 2.1(E)(1), Rules of the Oklahoma Court of Criminal Appeals.

5

He failed to do so, and the deadline has expired for a post-conviction appeal.[23] But a procedure exists under Oklahoma law for an extension of this deadline if the Petitioner can show a lack of fault for the delay.[24] Thus, Mr. McCleary would enjoy an available remedy under state law if he can show that he was not at fault for the failure to file a timely direct appeal or post-conviction appeal.[25]

In the petition, Mr. McCleary states that he was unable to file timely appeals through no fault of his own. According to Mr. McCleary, he lacked access to a law library; was unaware of the filing deadlines; and for 104 days had no access to mail, telephones, pens, or paper. The alleged impediments may entitle Mr. McCleary to file an appeal out of time from the denial of his application for post-conviction relief and, ultimately, from the conviction itself. In light of these potential avenues, the theory of malicious prosecution is unexhausted and the Court should summarily dismiss this claim without prejudice to refiling.[26]

---

[23]    *See* Rule 5.2(C)(1)-(2), Rules of the Oklahoma Court of Criminal Appeals.

[24]    *See* Rule 2.1(E)(1), (3), Rules of the Oklahoma Court of Criminal Appeals.

[25]    *See* Rule 2.1(E)(1), Rules of the Oklahoma Court of Criminal Appeals.

[26]    A similar issue arose in *Anderson v. Reynolds*, 210 F.3d 389, 2000 WL 358478 (10th Cir. Apr. 7, 2000) (unpublished op.). There a prisoner sought habeas relief under Section 2254, claiming that his conviction in Oklahoma state court was invalid because his legal counsel was ineffective. *See Anderson v. Reynolds*, 2000 WL 358478, Westlaw op. at 1. The petitioner had pled no contest and he did not file a direct appeal. *See id*. The man ultimately filed a post-conviction application, but the state district court denied relief and he failed to file a timely appeal. *See id*. Even at this stage, the Tenth Circuit Court of Appeals held that the state courts could provide a remedy and explained:

> [I]t is possible that the Oklahoma Court of Criminal Appeals would now grant [the petitioner] an appeal out of time from the denial of his application for post-conviction relief as to his ineffective assistance claim. Since [the petitioner] has an

Disposition of the Claims Involving Alienation and Endangerment
of the Spouse, Loss of Child Custody, and Excessive Force

As noted above, Mr. McCleary has also asserted claims involving alienation and endangerment of his wife, loss of child custody, and excessive force.[27] The Western District of Oklahoma has already held that these claims are not properly brought in a habeas action under 28 U.S.C. § 2254 and that *sua sponte* recharacterization would be inappropriate.[28] Thus, the resulting issue is whether the Court should:

- summarily dismiss these claims on the merits in light of the unavailability of a habeas remedy or
- dismiss the entire action for nonexhaustion.

The latter is appropriate.

In *Rose v. Lundy*, 455 U.S. 509 (1982), the Supreme Court held that when one seeks habeas relief under Section 2254 and exhausts some claims but not others, the federal district court should dismiss the entire action.[29] In light of this decision, the Tenth Circuit Court of Appeals has prohibited rejection of any habeas claims on the merits when some are dismissed

---

> available procedure for presenting this claim to the Oklahoma courts, he has not exhausted this claim and his petition should be dismissed to allow him to do so.

*Id.* (citations omitted).

[27] *See supra* pp. 1-2.

[28] Report and Recommendation at pp. 4-5, *McCleary v. Sutter*, Case No. CIV-08-86-M (W.D. Okla. Feb. 29, 2008) (Argo, J.), *adopted* (W.D. Okla. Apr. 1, 2008) (Miles-LaGrange, J.).

[29] *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) ("we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims" (footnote omitted)).

without prejudice for nonexhaustion.[30] This prohibition would prevent rejection of some of Mr. McCleary's current claims on the merits in light of the clear failure to exhaust his current habeas claim for malicious prosecution. Instead, all of the claims under Section 2254 should be dismissed without prejudice for nonexhaustion of state court remedies.

<u>Disposition of the Claims Involving Improprieties in the Disciplinary Charges</u>

The Petitioner has also reasserted his claims involving fabrication of disciplinary charges. In connection with the second petition, the Court recharacterized these claims to arise under Section 2241, rather than Section 2254, of Title 28.[31] The Court need not decide whether to do so again. As the Court explained in connection with the second petition, Mr. McCleary has not exhausted the challenge to the disciplinary charges and exhaustion would be required under either Section 2241 or Section 2254.[32] The present habeas petition reflects

---

[30] *Moore v. Schoeman*, 288 F.3d 1231, 1232, 1235-36 (10th Cir. 2002).

[31] Report and Recommendation at pp. 6-7, *McCleary v. Sutter*, Case No. CIV-08-86-M (W.D. Okla. Feb. 29, 2008) (Argo, J.), *adopted* (W.D. Okla. Apr. 1, 2008) (Miles-LaGrange, J.); *see supra* p. 2.

[32] Report and Recommendation at pp. 5-8, *McCleary v. Sutter*, Case No. CIV-08-86-M (W.D. Okla. Feb. 29, 2008) (Argo, J.), *adopted* (W.D. Okla. Apr. 1, 2008) (Miles-LaGrange, J.). The Supreme Court has not confronted the applicability of *Rose v. Lundy* when a petitioner combines an unexhausted Section 2254 claim with an exhausted claim under Section 2241. Likewise, the Western District of Oklahoma need not decide that issue, even if the challenge to the disciplinary charges were to be considered under Section 2241, as this claim would remain unexhausted regardless of whether it were to be recharacterized.

no further steps to challenge his disciplinary charges. As a result, the attack on the disciplinary charges should again be dismissed without prejudice.[33]

### Notice of the Right to Object

The Petitioner may seek review by filing an objection with the Clerk of this Court.[34] The deadline for objections is August 12, 2008.[35] The failure to timely object would foreclose appellate review of the suggested ruling.[36]

### Status of the Referral

This referral to the undersigned is terminated.

Entered this 23rd day of July, 2008.

_____
Robert E. Bacharach
United States Magistrate Judge

---

[33] *See* Report and Recommendation at pp. 4-6, *McCleary v. Sutter*, Case No. CIV-08-86-M (W.D. Okla. Feb. 29, 2008) (Argo, J.), *adopted* (W.D. Okla. Apr. 1, 2008) (Miles-LaGrange, J.).

[34] *See* 28 U.S.C. § 636(b)(1).

[35] *See* W.D. Okla. LCvR 72.1.

[36] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").